# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BASHKIN,<br><br>                Plaintiff,<br><br>  vs.<br><br><br><br>MICHAEL J. HICKMAN, an individual; MUSICK, PEELER & GARRETT, LLP, a limited liability partnership; WHITE & OLIVER, a professional corporation; and DOES 1 through 100, inclusive,<br><br>                Defendants. | CASE NO. 07cv0995-LAB (CAB)<br><br>**ORDER AMENDING SCREENING ORDER; AND**<br><br>**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF PROCESS; AND**<br><br>**ORDER DENYING REQUEST TO FILE MOTION FOR RECONSIDERATION** |

      Plaintiff filed his complaint along with a motion for leave to proceed *in forma pauperis* ("IFP"). On December 6, 2007, the Court issued an order granting Plaintiff's motion to proceed IFP and, pursuant to 28 U.S.C. § 1915(e)(2), screening Plaintiff's complaint (the "Screening Order").

      The Court noted the State of California, the judges sued for acts in their judicial capacity, and the Doe Defendants identified as the court staff attorneys were immune from suit, and the only non-immune Defendants were two law firms and an attorney. The Court

dismissed all Plaintiff's § 1983 claims without leave to amend because all Government Defendants were immune. The Court further noted the applicability of the *Rooker-Feldman* doctrine. The Court also held Plaintiff's § 1985 claims for alleged conspiracy to obstruct justice failed to meet the heightened pleading standard for conspiracy and dismissed these claims without prejudice and with leave to amend. The Court ordered Plaintiff to file his amended complaint no later than 21 days from the date its order was entered, or December 27, 2007.

On December 27, 2007, Plaintiff filed his amended complaint. On January 4, 2008, he filed a motion for leave to file a motion for reconsideration. (the "Reconsideration Motion"). The motion he seeks leave to file requests reconsideration of the Court's Screening Order.

## I.     Amendment of Previous Screening Order

The Court now amends and clarifies its previous order. To the extent Plaintiff alleges the Non-Government Defendants conspired with judges to pervert the course of justice, he has alleged the non-government Defendants were acting under color of state law. *Dennis v. Sparks,* 449 U.S. 24, 28–29 (1980) (holding that private parties alleged to have corruptly conspired with a judge acted under color of state law, even though the judge himself was immune from suit). Therefore, the Court's previous order dismissing Plaintiff's § 1983 claims without leave to amend is hereby amended to dismiss with leave to amend those § 1983 claims against the Non-Government Defendants for conspiracy with judges and judicial employees. The dismissal of all other § 1983 claims remains unaltered.

## II.    Screening of Amended Complaint

On December 27, 2007, Plaintiff filed his amended complaint. He now names as Defendants only the attorney, Hickman, and the two law firms, Musick, Peeler & Garrett, LLP ("MPG") and White & Oliver, PC ("W&O"). He has limited his claims to a claim under 42 U.S.C. § 1985 for conspiracy to interfere with his civil rights, a claim for fraud, and a claim for intentional infliction of emotional distress. As discussed, the Court will also consider

/ / /

whether Plaintiff can bring § 1983 claims against Defendants Hickman, MPG, and W&O on the same facts as his § 1985 claims.

### A.     Legal Standards

Because Plaintiff is proceeding IFP, the Court is required to dismiss his complaint to the extent it fails to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.")

The Court applies the same standard as for motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The Court therefore accepts as true all allegations of material fact and construes those facts in the light most favorable to Plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

### B.     Discussion

Plaintiff must overcome two major hurdles. First, Plaintiff is essentially complaining that he was deprived of justice in California state court. The *Rooker-Feldman* doctrine, then may bar his claims. Second, Plaintiff's § 1983 and § 1985 claims are based on allegations that Defendants Hickman, MPG, and W&O conspired with a large number of California state appellate justices to interfere with his due process rights in the litigation of certain cases in California state courts. (*See* Am. Complaint at 3:9–15 (naming 23 justices as co-conspirators).) In the Ninth Circuit, conspiracy claims are subject to a heightened pleading standard. *Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (holding that vague and conclusory allegations are not sufficient to support a claim for civil rights violations based on conspiracy).

The parties are not diverse, so the Court can only exercise supplemental jurisdiction over the state law claims for fraud and intentional infliction of emotional distress. If the § 1985 claim is dismissed and Plaintiff has not pleaded facts on which a § 1983 claim could

be based, the Court cannot exercise supplemental jurisdiction over these state-law claims. *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994).

Plaintiff cites several state court cases to which he was a party. A review of these cases together with the Amended Complaint reveals that most of the issues Plaintiff now casts as denial of due process rights were actually litigated in state court. For example, Plaintiff alleges that Hickman and MPG improperly hired an expert, a Mr. Glickman, whom they knew he had consulted with previously and deprived Plaintiff of needed evidence. (Am. Compl.¶¶ 22–24.) Plaintiff also alleges that he was injured when the state appellate court, acting on the basis of the conspiracy, declared him a vexatious litigant. (*Id.* at 29–30.) Plaintiff is therefore asking the Court to grant him relief on the basis of legal errors he says the appellate courts willfully made as a result of the alleged conspiracy between Defendants and the justices.

The *Rooker-Feldman* doctrine prevents the Court from considering *de facto* appeals from state-court judgments rendered before this proceeding commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Where this doctrine is applicable, the Court is deprived of jurisdiction; therefore, its application is mandatory, not discretionary. *Noel v. Hall*, 341 F.3d 1148, 1154–55 (9th Cir. 2003).   To the extent Plaintiff is seeking relief from state court judgments or orders, therefore, his claims must be dismissed.

To an extent, it is clear Plaintiff is attacking the state court judgments and orders, because his allegations largely question the state courts' decisions and even their jurisdiction under state law to issue certain orders. Although Plaintiff includes a great deal of allegations regarding how unjust he believes the state court judgments were and how inconsistent with both state law and the U.S. Constitution they were, the Court lacks jurisdiction to consider whether the state appellate courts correctly ruled on the matters before them. Therefore, to the extent Plaintiff is challenging state-court decisions, this Court lacks jurisdiction to hear his claims.

Plaintiff has, however, also alleged that Defendants conspired with the justices who were to decide his case. Moreover, in his Amended Complaint, the Defendants are private

parties and rather than attacking the state courts' judgment directly, he seeks damages. As the Ninth Circuit explained in *Kougasian v. TMSL, Inc.* et al., 359 F.3d 1136, 1140–41 (9th Cir. 2004), the *Rooker-Feldman* doctrine does not bar a suit for alleged illegal acts or omissions by adverse parties in litigation unless the plaintiff is alleging the state court's legal error as the basis for his claim. As the basis for his claims, Plaintiff alleges that the state courts were induced as part of a corrupt conspiracy to enter erroneous judgments.

This is a mixed allegation. To the extent Plaintiff alleges he was harmed by legally erroneous judgments and orders, the *Rooker-Feldman* doctrine bars his claim. Because Plaintiff cannot show any actual injury, he cannot collect compensatory damages. However, to the extent he alleges he was deprived of procedural due process and equal protection rights through a corrupt conspiracy, his claims may not be barred, even assuming the state courts' decisions were not erroneous. *See Carey v. Piphus*, 435 U.S. 247, 266 (1978) (holding that nominal damages are available to vindicate deprivations of certain procedural due process rights, even in the absence of actual injury).

The Court may only consider these claims, however, if they are not "inextricably intertwined" with the question of whether the state court decisions were legally erroneous. *Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1166 (9th Cir. 2006) (citing *Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003)). In other words, if in the course of ruling on the due process and equal protection claims the Court will be required to review the state courts' decisions, the Court lacks jurisdiction over those claims. *See Noel*, 341 F.3d at 1157 (discussing the extent to which the plaintiff's claim required review of the local court's decision and therefore, the extent to which the court had jurisdiction to consider the plaintiff's Constitutional challenge).

Plaintiff's allegations appear to be at least partially barred under this analysis. He alleges, for instance, the justices unlawfully created new law simply in order to cause his litigation to fail. (Am. Compl., ¶ 19.) He alleges Defendants and the justices conspired to wrongly suppress certain evidence and hide the actual reason for it. (*Id.* at 7, ¶¶ 21, 23.) He alleges the Division Six appellate panel wrongly refused to grant his appeal regarding

suppression of evidence and wrongly affirmed the trial court's order.  (*Id.* at § 25.)  He alleges the justices should have recused themselves, but did not.  (*Id.* at ¶ 26.)  He also alleges the proceedings to declare him a vexatious litigant were illegal.  (*Id.* at ¶ 29.)  All these claims are, in effect, challenges to the state court's ruling, so it is clear the *Rooker-Feldman* doctrine bars this Court from considering them.

Plaintiff also makes more general allegations, however.  Because these allegations are so generalized, it is unclear on the face of the pleading whether he is asking this Court to review the state courts' rulings or not.  For example, he alleges the justices bore animus towards all *pro se* litigants, including himself and that, as a result, they conspired amongst themselves to ensure his attempts to litigate would be thwarted.  (*See, e.g.*, Am. Compl. at ¶¶ 5–8, 10.)  He alleges this amounted to the state courts having a policy against him.  (*Id.* at ¶¶ 10, 14, 27.)  He alleges the justices then communicated to Defendants that they were free to obstruct and hinder Plaintiff's litigation.  (*Id.* at ¶ 15.)  He mentions some kind of relationship between the justices and Defendants, by which he appears to mean the relationship of co-conspirators.   (*Id.* at ¶ 17, 18.)  He alleges Defendants engaged in unlawful *ex parte* communications with the justices.  (*Id.* at ¶ 18, 28.)

Because of the vague, conclusory nature of these allegations, the Court cannot determine whether the *Rooker-Feldman* doctrine applies or, if it does not, whether what Plaintiff has alleged amounts to a conspiracy to subvert justice.  Assuming, as the Court must, that Plaintiff's factual allegations are true, Plaintiff has alleged that the justices together entered into a conspiracy and then informed Defendants of it.

The only specific allegations regarding the nature of the alleged communications are found in paragraphs 18 , 20–24, 27, and 28.  In paragraph 18, Plaintiff alleges Defendants agreed with certain of the justices to cover up the "the justices' relationships with the defendants," which, as noted, apparently refers to the conspiracy itself.  (*See* Am. Compl. at ¶ 17 (describing relationships of parties as those of co-conspirators).)  In other words, construing this allegation liberally, this allegation refers to an agreement to keep the conspiracy itself secret, which Plaintiff has alluded to elsewhere.  By itself, this does not

suffice to allege a conspiracy. *Ivey*, 673 F.2d 266, 268 (9th Cir. 1982) (holding that vague and conclusory allegations are not sufficient to support a claim for civil rights violations based on conspiracy). These allegations are therefore sufficiently specific only to the extent they apply to other specific allegations regarding what the parties agreed to.

In paragraphs 20–24, Plaintiff alleges wrongdoing in connection with an expert witness, averring that Defendants wrongly obtained confidential information and prevented him from obtaining evidence in his favor. (Am. Compl. at ¶¶ 20–24.) On review of the cited opinion, *Bashkin v. Blase*, 2005 WL 1274783, slip op. (Cal. App. 2 Dist. May 31, 2005), however, it is clear Plaintiff is actually attacking the state court's decision, which was adverse to him, and he is in effect asking this Court to review and overturn the state court's ruling in that case. This is suggested by Plaintiff's allegations in paragraph 25 of his Amended Complaint, in which he alleges the state appellate court refused to grant him relief for Defendants' alleged wrongs against him. A review of these issues is therefore inextricably intertwined with the state court's determination.

In paragraphs 27 and 28, Plaintiff alleges Defendants and certain justices secretly agreed that Defendants would file a motion to have him declared a vexatious litigant, which the justices would review and grant. *Ex parte* communications, if they deprive a party of the right to notice and an opportunity to be heard, may violate Constitutional rights. *Guenther v. C.I.R.*, 889 F.2d 882, 884 (9th Cir. 1989) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313-14 (1950)). Plaintiff is Constitutionally entitled to a neutral tribunal that does not significantly favor one party over another. *Guenther*, 889 F.2d at 884. However, where a party is not deprived of an opportunity to be heard and to rebut his opponent's contentions, even improper *ex parte* communications do not give rise to a due process claim. *Alexander Shokai, Inc. v. C.I.R.*, 34 F.3d 1480, 1484–85 (9th Cir. 1994). The Court finds these particular allegations are sufficient to survive the mandatory screening. The Court considers the allegations of a secrecy agreement set forth in paragraph 18 to be part of this claim. The remainder, however, either are too vague and conclusory, or the Court lacks jurisdiction over them, and therefore they must be dismissed without prejudice.

### III.     Request to File Motion for Reconsideration

The Court's standing order, noting the legal principle that motions for reconsideration are disfavored unless a party shows there is new evidence or a change in controlling law, or establishes that the Court committed clear error in the earlier ruling, *see Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004), requires parties to obtain leave before filing motions for reconsideration.  Standing Order, ¶ 4(j).

Plaintiff's Reconsideration Motion puts forward four general arguments: 1) he argues the Court applied the wrong standard of review by failing to construe his pleadings with sufficient liberality; 2) he argues his pleadings adequately show the justices and members of their staffs he initially named as Defendants acted in the absence of jurisdiction so as to strip them of their judicial immunity; 3) he argues the Court should not have relied on the *Rooker-Feldman* doctrine because the state courts acted without jurisdiction and because "the proceedings at issue herein were, in fact, of a ministerial and legislature, not a judicial one . . . ."; and 4) even if he cannot seek damages against the justices of the state appellate courts and their staffs, he can at least seek injunctive relief.  These arguments lack merit.

Plaintiff argues the Court should have accepted at face value all his allegations, including his legal conclusions, and given him any benefit of the doubt.  The sole example of allegations he cites is his allegation that the state courts had no jurisdiction to act as they did. Plaintiff alleges, citing no authority, that "binding precedent" requires the Court to allow his case to proceed.  While the Court accepts as true all allegations of material fact and construes those facts in the light most favorable to Plaintiff, *Resnick*, 213 F.3d at 447, the Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.  *Clegg,* 18 F.3d at 754–55.

In his complaint, Plaintiff alleged the state courts lacked jurisdiction because, he argues, they lack authority as judges to "create new law" in their rulings and when they do so, they are acting ministerially or legislatively.  This is a conclusion of law rather than a factual allegation, and misstates both the law, and the ruling Plaintiff cited in his complaint.

> State courts have long had the power to declare what the law is.
>
> [I]t is for the state courts to interpret and declare the law of the State[,] . . . what the law has been as well as what it is. State courts . . . may ordinarily overrule their own decisions without offending constitutional guaranties, even though parties may have acted to their prejudice on the faith of the earlier decisions.

*Brinkerhoff-Faris Trust & Savings Co. v. Hill*, 281 U.S. 673, 682 n.8 (1930). Declaring the law in the course of making legal rulings is thus a judicial act, not a legislative or ministerial act. The Court is not required to, and does not, accept the erroneous conclusory allegation that it is a legislative or ministerial act.

According to paragraph 20 of Plaintiff's original complaint, justices "fixed the outcome" of two legal actions by creating "unpublished new law which was antithetical to the existing law . . . ." The "new law" he refers to regarding the fiduciary duties of law firms and the rights of patients allegedly applied "only if the client [or patient] is 'BASHKIN'." *Id.* The Court has reviewed the opinions Plaintiff cites, *Bashkin v. Blase*, 2005 WL 1274783, slip op. (Cal. App. 2 Dist. May 31, 2005), and *Bashkin v. Blase*, 2005 WL 1274790, slip op. (Cal. App. 2 Dist. May 31, 2005), and finds Plaintiff's characterization of the legal holdings inaccurate.

Even if, as Plaintiff suggests, the state courts lacked jurisdiction to rule as they did, Plaintiff's allegations and the rulings he cites make obvious they did not act in the clear absence of all jurisdiction over the subject matter before them. Therefore, the justices are absolutely immune and may not be subject to any liability for their rulings. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citations omitted). This would be true even if, as Plaintiff has alleged, the justices' ruling created new law in violation of the U.S. or California Constitution. *See id.* at 357 n.7 (citing the illustration given in *Bradley v. Fisher*, 80 U.S. 335, 352 (1871) of a judge convicting a defendant under nonexistent criminal law and yet retaining judicial immunity).

Finally, Plaintiff's argument notwithstanding, judicial immunity is applicable even if the only relief sought is declaratory or injunctive. *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1394 (9th Cir. 1987).

///

### IV. Conclusion and Order

For these reasons, the Court construes the Amended Complaint as raising claims against Defendants under both § 1983 and § 1985, and holds these claims against Defendants for conspiring with state court justices to have him declared a vexatious litigant, as described in paragraphs 27 and 28 of the Amended Complaint, survive the mandatory screening. Plaintiff's remaining claims are, however, **DISMISSED WITHOUT PREJUDICE**.

Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp.2d 1115, 1119 (S.D.Cal. 2007). Furthermore, the Court has a continuing duty to examine its own jurisdiction to grant relief, *B.C. v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999), and must dismiss Plaintiff's claims if, at any time, the Court determines the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Therefore, his Amended Complaint may be subject to dismissal if at a later stage of the litigation if it appears he has filed to state a claim or the Court lacks jurisdiction over his claim. Plaintiff is reminded he may not amend his complaint further unless he first obtains leave to do so.

Plaintiff's Reconsideration Motion is **DENIED**. The caption is hereby **AMENDED** to omit dismissed parties; the sole remaining named Defendants in this case are Defendants Hickman, MPG, and W&O.

The Clerk shall issue the summonses and provide Plaintiff with three certified copies of this order, three certified copies of the Court's order of December 6, 2007 granting leave to proceed IFP (docket no. 3), and three blank U.S. Marshal Form 285 for the three Defendants. Thereafter, the U.S. Marshals Service is **ORDERED** to serve Defendants Hickman; Musick, Peeler & Garrett, LLP; and White & Oliver, PC as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the

Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendants or counsel of Defendants and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service may be rejected for filing or disregarded.

**IT IS SO ORDERED**.

DATED: January 16, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge