1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    PAUL BASHKIN,                              CASE NO. 07cv0995-LAB (CAB)

12                            Plaintiff,         **ORDER GRANTING MOTIONS TO
                                                 DISMISS; AND**
         vs.
13                                               **ORDER OF DISMISSAL**

14    MICHAEL J. HICKMAN, an individual;         [Dkt. Nos. 14, 15, 16]
15    MUSICK, PEELER & GARRETT, LLP, a
      limited liability partnership; WHITE &
16    OLIVER, a professional corporation; and
      DOES 1 through 100, inclusive,
17
                            Defendants.
18

19

20          Plaintiff, proceeding *pro se*, brought suit, alleging Defendants wronged him in various

21    ways in connection with state court litigation.  Pursuant to 28 U.S.C. § 1915(e)(2), the

22    February 10, 2009 Court screened and dismissed his original complaint and granted him

23    leave to amend.  Plaintiff then filed his first amended complaint ("FAC"), which the Court

24    again screened, dismissing some but not all claims.  Following screening, the three

25    remaining Defendants were Michael Hickman, the law firm of Musick, Peeler & Garrett, LLP

26    ("MPG"), and the law firm of White & Oliver, PC ("W&O").

27          The only remaining claims were claims against these Defendants under 42 U.S.C.

28    §§ 1983 and 1985 for nominal damages because of their alleged conspiracy to deprive him

of due process rights.[1]  The Court's screening order issued January 17, 2008 explained Plaintiff could not maintain a claim for compensatory damages because of the state court's allegedly erroneous ruling declaring him a vexatious litigant.  Rather, Plaintiff could only potentially bring a claim for nominal damages for depriving him of due process rights in connection with the vexatious litigant proceeding. (*See* Order of January 17, 2008 at 5:7–23, 7:15–28, 10:2–6.)  All other claims were dismissed without prejudice but without leave to amend.  (*Id.* at 10:6, 10:15–16.)

Defendants then simultaneously brought three motions: W&O's motion to dismiss the complaint (Dkt. no. 14), Hickman and MPG's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. no. 15), and W&O's motion to strike the FAC's second and third causes of action under California's Anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16 (Dkt. no. 16.) W&O requested an award of attorney's fees.  Plaintiff and W&O asked the Court to take judicial notice of certain documents.  (Dkt. nos. 14-4, 16-4, 28-2.)  Because it is clear the motions to dismiss should be granted, the Court will address their arguments and need not reach the issues raised in the anti-SLAPP motion.

**I.    Legal Standards**

At the pleading stage, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars-Sinai Med. Cent. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007) (citation omitted).   The Court does not, however, accept as true allegations contradicting documents referenced in the complaint or that are properly subject to judicial notice. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (citations omitted).

Because Plaintiff is proceeding *pro se* and bringing civil rights claims, the Court liberally construes his pleadings. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The Court does not, however, supply essential elements of the claim

---

[1] Plaintiff also brought various state-law claims.  The Court held it could only exercise supplemental jurisdiction over these, and they would be dismissed if the related federal claims were also dismissed.  (Order of January 17, 2008 ("Second Screening Order") at 3:27–4:2.)

1  that were not in initially pled.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266,

2  268 (9th Cir. 1982).

3       The Court's previous screenings notwithstanding, 28 U.S.C. § 1915(e)(2) imposes a

4  continuing duty on the Court to dismiss if at any time it finds the action is frivolous or

5  malicious or fails to state a claim.

6  **II.     Requests for Judicial Notice**

7       Pursuant to Fed. R. Evid. 201, Defendant W&O asks the Court to take notice of two

8  state court records in unpublished California state case No. D043857*, Bashkin v. Glickman*,

9  et al. (Cal. 4 App. Dist., Div. 1): W&O's motion to have Bashkin declared a vexatious litigant,

10  and the state court's order granting the motion.  (Dkt. nos. 14-4, 16-4.)  Plaintiff asks the

11  Court to take judicial notice of three other records in the same case: the notice of entry of

12  judgment, a portion of the register of actions, and the docket.  (Dkt. no. 28-2.)

13       The Court may take notice of state court records or proceedings, though not the

14  findings of fact contained in them.  *Wyatt v. Terhune*, 315 F.3d 1108, 1114 & n.5 (9th Cir.

15  2003).  Furthermore, the FAC refers to the documents proffered by W&O as forming the

16  basis for Plaintiff's claim.  The requests are therefore **GRANTED** for the purpose of showing

17  the existence and contents of the records, and the nature of the proceedings.

18  **III.    Discussion**

19       **A.     Plaintiff's Claim**

20       As the Court's Second Screening Order explains, Plaintiff alleges "defendants"

21  conspired with judges in Division One of California's Fourth District Appellate Court to

22  deprive him of his right to an adequate hearing on various legal issues, including a motion

23  to have him declared a vexatious litigant.  (*See* Second Screening Order at 7:15–17; FAC

24  ¶¶ 27–29.)  Specifically, he says the alleged conspirators agreed that Defendants would file

25  and the judges would grant a motion declaring Plaintiff a vexatious litigant, after which they

26  did so, thus terminating his lawsuit and two pending appeals.

27       As the screening order pointed out, this Court lacks jurisdiction under the *Rooker-*

28  *Feldman* doctrine to entertain a challenge the state court's order declaring him a vexatious

1   litigant.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)

2   (holding the *Rooker-Feldman* doctrine prevents federal district courts from considering *de*

3   *facto* appeals from earlier state-court judgments).

4         At the time of the screening, the Court liberally construed the FAC and concluded

5   Plaintiff could apparently bring a claim for denial of procedural due process rights even

6   without challenging the correctness of the state court's order.  Plaintiff cannot maintain an

7   action in this Court seeking to have the state court's judgment vacated or set aside, but it

8   does not necessarily follow that he cannot bring a claim for denial of procedural due process

9   rights even if the state court's judgment remains unchallenged.

10        **B.     Motion to Dismiss by Defendants Hickman and MPG**

11        Defendants Hickman and MPG argue Plaintiff has not alleged Defendant W&O, not

12  Hickman or MPG, conspired with state court judges to have him declared a vexatious litigant.

13  If this is the case, Hickman's and MPG's motion should be granted because, as the Court

14  has already held, Plaintiff's other claims must all be dismissed for lack of jurisdiction or for

15  failure to state a claim.

16        A closer review of ¶¶ 27 through 30 of the FAC makes clear Defendants Hickman

17  and MPG are correct.   In ¶¶ 27–29, Plaintiff alleges "defendants, through their counsel,

18  W&O" conspired with the judges and "it was agreed that the defendants, through their

19  counsel, would file a vexatious-litigant motion against BASHKIN. . . ."  (FAC at 9:19–21.)

20  While these paragraphs ambiguously make allegations against "defendants," in context this

21  term must mean the defendants in *Bashkin v. Glickman*, not Defendants in this case.

22  Plaintiff is alleging the vexatious litigant motion was filed by W&O in connection with *Bashkin*

23  *v. Glickman* in order to terminate that case and no others.  (FAC ¶¶ 28 (alleging the purpose

24  of the vexatious litigant motion was to terminate Bashkin's lawsuit and dismiss his two

25  pending appeals), 30 (alleging that Bashkin's being declared a vexatious litigant successfully

26  terminated *Bashkin v. Glickman* and both pending appeals in that case).)

27        The judicially-noticed documents from *Bashkin v. Glickman* make clear the only

28  defendants there were David Glickman and the law firm of Glickman & Glickman.  The Court

1    therefore concludes the only reasonable construction of these allegations is that Plaintiff is

2    bringing this claim against W&O only, and not against Hickman or MPG.

3        **C.    Claim Against W&O**

4        The FAC's allegations underlying Plaintiff's surviving claim did not initially appear

5    ambiguous, but in view of the nature and contents of the judicially noticed documents it is

6    now apparent they are.  The FAC could be reasonably construed as saying the conspirators

7    agreed in advance what the outcome would be, such that Plaintiff's arguments and evidence

8    would never be considered and the whole proceeding was a mere pretense.  Because this

9    states a claim for denial of procedural due process rights, *see In re Murchison*, 349 U.S. 133,

10   136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process."), the Court

11   liberally construed the FAC in this way.

12       The allegations could also — though this initially appeared less likely — be construed

13   to mean the judges and opposing parties improperly discussed the case privately and agreed

14   amongst themselves that a motion to have Plaintiff declared a vexatious litigant was bound

15   to succeed.  Depending on the content of the conversation (which is not specifically alleged),

16   such *ex parte* communications might or might not intractably prejudice judges against

17   Plaintiff, *see Alexander Shokai, Inc. v. C.I.R.*, 34 F.3d 1480, 1484 (9th Cir. 1994), though

18   they would of course be highly irregular.  They would not necessarily result in a due process

19   violation so long as Plaintiff was presented with the information against him and had an

20   opportunity to rebut it.  *See id*.

21       Although the Court accepts most allegations as true in deciding a motion to dismiss,

22   it does not "necessarily assume the truth of legal conclusions merely because they are cast

23   in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136,

24   1139 (9th Cir. 2003) (citations and quotation marks omitted).  The Court is likewise not

25   required to accept as true conclusory allegations which are contradicted by documents

26   referenced in the complaint or that are properly subject to judicial notice. *Lazy Y Ranch*, 546

27   F.3d at 588.

28   / / /

1    Plaintiff has alleged W&O conspired with judges to fix the vexatious litigant

2    proceedings so that *Bashkin v. Glickman* and the two pending appeals would be terminated.

3    When a California court declares a plaintiff in a pending case a vexatious litigant, the

4    consequence provided for under Cal. Civ. Proc. Code § 391 *et seq.* is not immediate

5    dismissal, but rather an order requiring the plaintiff to furnish security. §§ 391.1, 391.3. Only

6    if security is not furnished as ordered may the litigation be dismissed. § 391.4. Other

7    consequences such as prefiling orders are possible, *see* § 391.7, though such an order

8    would not terminate a pending action or appeal. In spite of these provisions, Plaintiff has

9    alleged the state court acted on its own accord to terminate both the case itself and the two

10   pending appeals.

11    The documents from *Bashkin v. Glickman* that are now before this Court make clear

12   this did not happen. Rather, the state court's order issued September 30, 2004 required

13   Bashkin to furnish a $35,000 bond before proceeding with his appeal, and subjected him to

14   a prefiling order forbidding him from filing new litigation without leave. (W&O Req. for

15   Judicial Notice in Supp. of Mot. to Dismiss, ex. 2 ("State Court Order") at 13–14.) The

16   appellate docket in *Bashkin v. Glickman* reflects the appeal was dismissed on November 23,

17   2004, because Bashkin failed to post security within the time permitted. (Pl.'s Req. for

18   Judicial Notice in Supp. of Opp'n to Mot. to Dismiss, (Dkt. no. 28-2), ex. 3 at 5.) The state

19   court's order did not address the case at the trial level, which had already been terminated

20   by a different judge pursuant to California's anti-SLAPP statute. (*Id.*, ex. 1 (Notice of Entry

21   of Judgment, filed February 13, 2004).) Plaintiff then filed a petition for review in the

22   California Supreme Court, which was denied on March 2, 2005. (*Id.*, ex. 3 at 6.)

23    The State Court Order also shows Plaintiff did have an opportunity to present

24   arguments to the court, because the court identified and considered them at length. (State

25   Court Order at 1–13.) While the state court's ruling is of course not reviewed for

26   correctness, the Court does note its reasoning is based primarily on a rather straightforward

27   review of other state court judgments against Bashkin and an application of the definition of

28   "vexatious litigant" as set forth in Cal. Civ. Proc. Code § 391(b)(1) (providing that a "vexatious

1  litigant" includes anyone who, within the preceding seven years, has maintained *in pro per*

2  at least five ultimately unsuccessful litigations other than in small claims court).  In other

3  words, the analysis leading up to the court's declaration that Bashkin was a vexatious litigant

4  amounted to little more than tallying up his seven recent unsuccessful actions and noting he

5  met the definition.  The court then determined Bashkin was unlikely to prevail and ordered

6  him to post security within 20 days.

7          In short, the noticed documents demonstrate the events did not occur in the manner

8  the Court originally construed the FAC as saying they did.  Rather, at most, the FAC

9  construed as alleging some kind of *ex parte* communication about the likely outcome of a

10  vexatious litigant motion.  Because it is obvious Plaintiff's arguments were presented to and

11  considered by the state court, Plaintiff did not suffer a deprivation of due process rights.

12  *Alexander Shokai, Inc.*, 34 F.3d at 1484.  Moreover, Plaintiff also sought review by the state

13  supreme court, whose justices were not involved in this alleged conspiracy.

14          **D.    Dismissal**

15          Ordinarily when granting a motion to dismiss, the Court will grant a plaintiff leave to

16  amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The Court need not and will

17  not do so, however, when it is clear amendment would be futile.  *Id.*  Here, Plaintiff has

18  amended his complaint once.  Following the second dismissal of his claims he also brought

19  a motion seeking leave to amend again, which was also denied on the merits.  In addition

20  to these repeated failed attempts to amend, the noticed documents also make clear he

21  cannot successfully amend his complaint even if he were given another opportunity.

22          Furthermore, under 28 U.S.C. § 1915(e)(2)(B)(i), the Court must dismiss this action

23  *sua sponte* if at any time it determines the action is frivolous or malicious.  In view of

24  Plaintiff's misrepresentation of the state court's actions and Plaintiff's willingness to have

25  Hickman and MPG served with process even though he knew the only remaining claim arose

26  out of *Bashkin v. Glickman*, to which they were not parties, the Court finds this action to be

27  malicious and largely frivolous.  Therefore even in the absence of arguments from the

28  parties, the Court would dismiss this action without leave to amend.

**E.      Attorney's Fees**

Both W&O and Plaintiff cite *Witte v. Kaufman*, 141 Cal. App. 4th 1201 (Cal. App. 4 Dist. 2006), which held that a law firm represented by its own members had not "incurred" fees in bringing a motion to strike.  W&O also cites *Dowling v. Zimmerman*, 85 Cal. App. 4th 1400, 1426 (Cal. App. 4 Dist. 2001), contending it may justify an award of fees anyway. W&O did not brief the issue further, such as by arguing or citing authority to show why *Dowling* or *Witte* should control.

It appears W&O may be entitled to attorney's fees under 42 U.S.C. § 1988 as requested in W&O's motion to dismiss even though its own members represented it. *Elwood v. Drescher*, 456 F.3d 943, 947 (9th Cir. 2006).  However, it may not recover fees for claims dismissed for lack of subject matter jurisdiction.  *Id.* at 948.

The parties did not have the benefit of this ruling at the time fees were requested, and therefore could not have considered it in crafting their briefing.  The Court cannot find, on the basis of the thin briefing before it, that W&O has shown why the Court can and should award fees.

**IV.   Conclusion and Order**

For reasons set forth above, Defendants' motions to dismiss are **GRANTED** and Defendant W&O's motion to strike is **DENIED AS MOOT**.  Plaintiff's federal claims are **DISMISSED WITHOUT LEAVE TO AMEND**. His supplemental state claims are **DISMISSED WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND**.

W&O's request for attorney's fees is **DENIED WITHOUT PREJUDICE**.  W&O may, if it wishes, file a noticed motion for attorney's fees no later than **14 calendar days from the date this order is entered.**  If at that time W&O has not moved for an award of fees, judgment will be entered and the case terminated.

**IT IS SO ORDERED**.

DATED:  February 13, 2009

**HONORABLE LARRY ALAN BURNS**
United States District Judge

- 8 -